UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

ROBERT ORMS and JANET ORMS,

    Plaintiffs,

v.

TAKEDA PHARMACEUTICALS
AMERICA, INC., TAKEDA
PHARMACEUTICALS NORTH
AMERICA,INC., and TAKEDA
PHARMACEUTICAL COMPANY
LIMITED.

    Defendants.

Civil Action No. 10-160-JMH

**MEMORANDUM OPINION AND ORDER**

\*\*    \*\*    \*\*    \*\*    \*\*

This case is before the Court on Specially Appearing Defendant Takeda Pharmaceutical Company Limited's motion to quash purported service of process [Record No. 8]. The time period for a response has expired, and this matter is ripe for decision. For the reasons that follow, Defendant's motion will be denied.

**I.    BACKGROUND**

Robert and Janet Orms ("the Orms") filed a complaint against Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals North America, Inc., and Takeda Pharmaceutical Company Limited in the Boyle Circuit Court on April 19, 2010. The case was removed to this Court on May 12, 2010. The movant, Takeda Pharmaceutical Company Limited ("Takeda Limited") is a Japanese corporation and must be served with process in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, hereinafter referred to as "the Hague

Convention." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at The Hague, Nov. 15, 1965, entered into force, Feb. 10, 1969, 20 U.S.T. 361, 658 U.N.T.S. 163; Fed. R. Civ. P. 4(f) and (h).

On April 20, 2010, the Orms mailed the summons and a copy of the complaint in this matter directly to Takeda Limited in Japan, via registered mail, and without Japanese translation. Takeda Limited moved the Court to quash the purported service of process under Fed. R. Civ. P. 12(b)(5), on the ground that it has not been properly served with process according to the terms of the Hague Convention.

## II. ANALYSIS

Fed. R. Civ. P. 4(f)(1) states that an individual, or a corporation, pursuant to Rule 4(h), "may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . [.]" The Hague Convention proscribes a process by which international defendants who are agreed parties to the convention must be served with process. The United States and Japan are both parties to the convention.

Article 10 of the Hague Convention states, "[p]rovided the State of destination does not object, the present Convention shall not interfere with (a) the freedom to send judicial documents, by


postal channels, directly to persons abroad . . . ." Convention done at The Hague, art. 10(a), Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. There is a split among the circuit courts, as well as the district courts in this circuit, regarding whether the word "send" in the preceding passage includes service of process. *Compare Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986) and *Sibley v. Alcan*, 400 F. Supp. 2d 1051 (N.D. Ohio 2005) (finding that service of process through international registered mail is acceptable under the Hague Convention) *with Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir. 1989) and *Humble v. Gill*, No. 1:08-CV-00166-JHM-ERG, 2009 WL 151668, (W.D. Ky. Jan. 22, 2009) (finding that sending a copy of the summons and complaint by registered mail to defendant in a foreign country is not a method of service of process permitted by the Hague Convention).

The Sixth Circuit has not addressed this issue. The undersigned agrees with the well-reasoned opinion in *Sibley v. Alcan*, 400 F. Supp. 2d 1051 (N.D. Ohio 2005). The court in that case concluded that "'[i]f Article 10(a) were intended only to preserve the right to use postal channels for non-service correspondence, it would be out of place in Article 10, chapter 2, and indeed in the Hague Convention itself[,]'" because the purpose of the Hague Convention was to create agreements related to service of process. *Sibley v. Alcan*, 400 F. Supp. 2d 1051, 1054 (N. D. Ohio 2005). "Interpreting the word "send" as narrowly as do those

courts finding it does not encompass service of process would be contrary to the drafters' intent." *Id.*

Furthermore, the Japanese delegation to the Hague Convention submitted a statement to the Special Commission on the practical operation of the Hague Apostille, Evidence and Service Conventions to clarify its position on Article 10(a):

> Japan has not declared that it objects to the sending of judicial documents, by postal channels, directly to addressees in Japan. As the representative of Japan made clear at the Special Commission of April 1989 on the practical operation of the Service and Evidence Conventions, Japan does not consider that the use of postal channels for sending judicial documents to persons in Japan constitutes an infringement of its sovereign power.
> Nevertheless, as the representative also indicated, the absence of a formal objection does not imply that the sending of judicial documents by postal channels to addressees in Japan is always considered valid service in Japan. In fact, sending documents by such a method would not be deemed valid service in Japan in circumstances where the rights of the addressee were not respected.

Conclusions and Recommendations of the Special Commission on the practical operation of The Hague Apostille, Evidence and Service Conventions, Oct. 28 - Nov. 4 2003, No. 57, *available at* http://hcch.e-vision.nl/upload/wop/lse_concl_e.pdf. Japan has unequivocally stated that it does not object to service of process through international registered mail, as utilized in this case. This statement demonstrates that Japan envisioned Article 10(a) being utilized for service of process via international registered mail.

Takeda Limited argued that it should have received the summons

4

and complaint in this case translated into Japanese. Japan requires that any documents to be served be translated into Japanese under Article 5(1)(a)(b). This requirement only applies to Article 5(1)(a)(b). There is no requirement in the Hague Convention that documents served via registered mail under Article 10(a) be translated into the language of the recipient's country, nor has Japan instituted such a requirement.

Additionally, although the Japanese delegation added the caveat that service of process via registered mail would be insufficient "in circumstances where the rights of the addressee were not respected[,]" Takeda Limited has not argued that the Orms did not respect its rights in serving it with process through the mail.

**III. CONCLUSION**

Accordingly, and for the reasons stated above, **IT IS ORDERED** that Takeda Limited's motion to quash [Record No. 8] be, and the same hereby is, **DENIED.**

This the 12th day of July, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge